**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 11-cr-00303-REB-3
(Civil Action No. 16-cv-00804-REB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.  AUGUSTUS SANFORD,
     a/k/a "Turk,"

    Defendant-Movant.

# ORDER

**Blackburn, J.**

The matter before me is the **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** [#376][1] filed April 7, 2016, by defendant-movant.

The motion is before me for prompt examination and initial consideration under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Defendant-movant asserts two claims for relief. In his first claim he challenges the validity of the sentence imposed for his convictions on counts 5 and 6. In his second claim he challenges the computation of his prison sentence, contending he should receive credit against his federal sentence for time served on a state sentence under 18 U.S.C. § 3585(b).

---

[1] "[#376]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Defendant-movant's second claim must be dismissed because the relief he seeks with respect to that claim is not available by motion pursuant to § 2255 in his criminal case. Section 2255 allows

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979) (relief under § 2255 is available to correct sentencing defects that raise constitutional, jurisdictional, or other fundamental defects). The Attorney General, through the Bureau of Prisons, is responsible for calculating credit for prior custody under 18 U.S.C. § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 334 (1992). Therefore, if defendant-movant wishes to pursue a claim in federal court against the Bureau of Prisons regarding the execution of his sentence with respect to prior custody credit, he must raise the claim in a habeas corpus action pursuant to 28 U.S.C. § 2241 in the district where he is confined after exhausting administrative remedies. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Based on my initial consideration of the defendant-movant's first claim for relief, which includes my consideration of the motion and the record of prior proceedings, I cannot conclude summarily that the defendant-movant is not entitled to relief with respect to that claim. Thus, under Rule 4(b) of the Rules Governing Section 2255 Proceedings

for the United States District Courts, I must order the United States Attorney to file an answer, motion, or other response within a fixed time that addresses the first claim for relief.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant-movant's second claim for relief is dismissed without prejudice.

2. That by May 16, 2016, the United States Attorney for the District of Colorado shall file an answer, motion, or other response that addresses the defendant-movant's first claim with the contents required by Rule 5(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; and

3. That as provided by Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the defendant-movant may file by June 16, 2016, a reply to the government's answer, motion, or other response.

Dated: April 15, 2016

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge